IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KATREIA N. WILSON-BROADWATER**                          **PLAINTIFF**

**v.**                                    **Civil Action No. 1:16cv309-HSO-JCG**

**DELTA CAREER
EDUCATION CORPORATION**                                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION [5] TO COMPEL ARBITRATION AND TO DISMISS**

BEFORE THE COURT is the Motion to Compel Arbitration and to Dismiss [5] filed by Defendant Delta Career Education Corporation. This matter has been fully briefed. Having considered the Motion, the record, and relevant legal authority, the Court finds that the Motion should be granted. Plaintiff's claims should be submitted to arbitration, and this civil action will be dismissed without prejudice.

I.   BACKGROUND

On April 13, 2011, Plaintiff Katreia N. Broadwater-Wilson ("Plaintiff") entered into an at-will Employment Agreement [6-1] with Defendant Delta Career Education Corporation ("Defendant") to work as an Admissions Representative at Miller-Motte Technical College in Gulfport, Mississippi. Compl. [1] at 2. The Employment Agreement included a dispute resolution clause that required the parties to first submit any dispute arising during Plaintiff's employment to non-binding mediation. Employment Agmt. [6-1] at ¶ 9. If the parties were

-1-

unable to resolve the dispute through mediation, they agreed to submit to binding arbitration. *Id.*

Plaintiff was promoted to the position of Assistant Director of Admissions in October 2013, and when the Director of Admissions resigned, Plaintiff served as the interim Director of Admissions. Compl. [1] at 2. Plaintiff applied for the permanent Director of Admissions position, but was not interviewed or hired for the position. *Id.* at 4. Plaintiff, who is African-American and female, alleges that she was discriminated against when the Campus Director instead hired a less qualified white female applicant for the Director of Admissions position. *Id.* At the same time, Plaintiff applied for a different open position, Financial Service Officer, but was not hired for that position either. *Id.*

Plaintiff alleges that the Campus Director made inappropriate and hostile statements about African-Americans and women. *Id.* at 2. Plaintiff claims that she complained to representatives of Defendant, but that Defendant failed to address Plaintiff's concerns about the hostile work environment and discriminatory treatment that she was experiencing. *Id.* at 3, 5. Plaintiff also complained to Defendant's representatives about the Campus Director's social media posts, which allegedly contained negative comments about Miller-Motte Technical College. *Id.* at 4.

Plaintiff's employment with Defendant was terminated on May 6, 2014, when the Campus Director allegedly informed Plaintiff that her position was being

eliminated due to cutbacks. *Id*. at 5. Plaintiff claims that she was terminated in retaliation for making complaints to Defendant about the Campus Director's social media posts. *Id*. On June 12, 2014, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation. *Id*. at 6; EEOC Charge [9-4]. The EEOC issued a Dismissal and a Notice of Rights to Plaintiff on May 24, 2016. EEOC Dismissal [9-8].

On August 23, 2016, Plaintiff, who is pro se, filed a Complaint [1] against Defendant. The Complaint [1] asserts claims for discrimination and retaliation in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and for intentional infliction of emotional distress. Compl. [1] at 7-8.

On October 5, 2016, Defendant filed the present Motion to Compel Arbitration and to Dismiss [5]. Defendant contends that Plaintiff's claims arise out of her employment and are subject to the mandatory dispute resolution clause in the Employment Agreement. Def.'s Mem. Supp. Mot. [6] at 1. Defendant maintains that the arbitrator has exclusive authority to resolve any question about the enforceability of the contract or the arbitrability of the dispute. *Id*. at 6. Defendant further asserts that Plaintiff expressly waived her right to have employment-related disputes resolved in court. *Id*. at 1.

Plaintiff responds that her claims are not subject to arbitration. Resp. [9]. First, Plaintiff states that the entire Employment Agreement is "not applicable." Pl.'s Mem. Opp'n Mot. [10] at 1. Plaintiff contends that, because the Employment

Agreement provided for termination by either party at any time, she did not consider it to be a binding or formal agreement.  *Id.* at 1-2.  Plaintiff also appears to argue that, even if the contract she entered into was binding, all provisions of the contract became unenforceable either when her employment ended or after the one-year limitation period in the arbitration clause expired.[1]

Plaintiff maintains that, even if the dispute resolution provision in the Employment Agreement was binding, Defendant waived its right to seek mediation or arbitration because it did not offer mediation as a resolution while Plaintiff was still employed.  *Id.* at 5-6.  Citing Mississippi law, Plaintiff contends that Defendant's conduct also constituted a waiver of any right to compel arbitration when it participated in the EEOC charge process or, as Plaintiff characterizes, "actively litigated this case."  *Id.* at 3.  Defendant's participation included allegedly responding to EEOC discovery requests, submitting documents, failing to assert arbitration as an affirmative defense, and failing to "promptly move to compel arbitration" during the two-year long EEOC investigation.  *Id.*

Defendant filed a rebuttal, arguing that the Employment Agreement is an enforceable contract despite being terminable at will, and that the arbitration provision within the Employment Agreement remained enforceable even after the parties had terminated the agreement.  Reply [11] at 1-2.  Defendant also argues

---

[1] Citing the one-year limitation period in Paragraph 9(h) of the Employment Agreement, Plaintiff submits: "Your Plaintiff maintain[s] that even if a valid Employment Agreement did exist[] 'which it does not' [i]t would not be valid today."  Pl.'s Mem. Opp'n Mot. [10] at 2.  Plaintiff also states that the "termination of employment thus terminated the

that the one-year limitation period for filing claims applies only to Plaintiff's ability to assert claims arising out of her employment and does not restrict the time in which Defendant can demand that the dispute be resolved in the correct forum.  *Id.* at 3.

Defendant further maintains that the EEOC administrative process is distinct from both litigation and the non-binding mediation referred to in the Employment Agreement.  *Id.* at 3 n.1.  Moreover, the EEOC has exclusive jurisdiction over the claim for the duration of the administrative process and does not permit an employer to assert affirmative defenses or compel arbitration.  *Id.* at 3-4.  Because Defendant had no choice but to participate in the EEOC's investigation and had no opportunity to seek arbitration prior to filing the instant Motion to Compel Arbitration [5], Defendant argues that its cooperation with the EEOC cannot be construed as a waiver of its right to enforce the dispute resolution clause of the Employment Agreement.  *Id.* at 4-5.

## II.  DISCUSSION

### A.  Legal Standard

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 to 16, provides that a written agreement to arbitrate contained in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "Section 2 is a congressional declaration of a liberal federal policy favoring arbitration

---

Employment Agreement and its contents based on Page (1) one paragraph 2," which provides that either party may terminate the agreement.  *Id.* at 5.

agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), *superseded by statute on other grounds*. The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* at 24-25. "[A]rbitration should not be denied unless it can be said with positive assurance that [the] arbitration clause is not susceptible of any interpretation which would cover the dispute at issue." *Safer v. Nelson Fin. Grp., Inc.*, 422 F.3d 289, 294 (5th Cir. 2005) (quotation omitted). The Fifth Circuit has expressly held that discrimination and retaliation claims under Title VII may be subjected to mandatory arbitration in employment agreements. *See, e.g., Rojas v. TK Commc'ns, Inc.*, 87 F.3d 745, 747 (5th Cir. 1996); *Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229, 230 (5th Cir. 1991).

Section 4 of the FAA provides that a party to an arbitration agreement may seek an order compelling arbitration where one party has failed, neglected, or refused to comply with an arbitration agreement. 9 U.S.C. § 4. Ordinarily, courts employ a two-step analysis to determine whether to enforce an arbitration agreement: first, the court determines whether there is an enforceable agreement to arbitrate disputes, and second, the court determines whether the arbitration agreement covers the subject claim. *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d

199, 201 (5th Cir. 2016). "But where the arbitration agreement contains a delegation clause giving the arbitrator the primary power to rule on the arbitrability of a specific claim, the analysis changes." *Id.*

> Delegation clauses are enforceable and transfer the court's power to decide arbitrability questions to the arbitrator. Thus, a valid delegation clause requires the court to refer a claim to arbitration to allow the arbitrator to decide gateway arbitrability issues. Thus, if the party seeking arbitration points to a purported delegation clause, the court's analysis is limited. It performs the first step—an analysis of contract formation—as it always does. But the only question, after finding that there is in fact a valid agreement, is whether the purported delegation clause is in fact a delegation clause—that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated. If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases.

*Id.* at 201-02 (citing *Rent-a-Ctr, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)).

Accordingly, the Court need only decide "first, whether the parties entered into a valid agreement to arbitrate *some* set of claims; and second, whether that agreement actually does contain a delegation clause that requires that this claim go to arbitration for gateway rulings on threshold arbitrability issues." *Id.* at 202 (emphasis in original). When there is a valid delegation clause, the Court does not reach any arbitrability dispute and must refer the claims to arbitration. *Id.* at 204.

B.  Analysis

   1.  There is a valid arbitration agreement between the parties.

"[T]he only issue at the first step is whether there is any agreement to arbitrate any set of claims," not "whether there is an agreement to arbitrate *the claim currently before the court*." *Kubala*, 830 F.3d at 202 (emphasis in original).

The Court finds that there is a valid contract between the parties that includes an enforceable agreement to arbitrate disputes.

Whether the parties entered into a valid agreement is governed by state law principles governing the formation of contracts. *Id.* (citing *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012)). The Employment Agreement provides:

> [t]o the extent that the FAA is inapplicable, actions covered by this Agreement shall be adjudicated in accordance with the state or federal law that would be applied by a United States District Court sitting at the place of the adjudication, mediation or arbitration where [Plaintiff] was last employed by [Defendant].

Employment Agmt. [6-1] at ¶ 15. The location where Plaintiff was last employed by Defendant was at the campus of Miller-Motte Technical College in Gulfport, Mississippi.[2]  Compl. [1] at 2.

Under Mississippi law, whether a valid arbitration agreement exists is governed by whether the elements of a contract are present: "(1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *GGNSC Batesville, LLC v. Johnson*, 109 So. 3d 562, 565 (Miss. 2013) (quotation omitted).

In the present case, the elements of a valid contract are present. It is undisputed that the parties signed the Employment Agreement, which represents a sufficiently definite mutual agreement between two parties. Plaintiff has not

---

[2] Plaintiff and Defendant appear to agree that Mississippi law applies. *See* Pl.'s Mem. Opp'n Mot. [10]

alleged that either party lacked the legal capacity to enter into a contract or that any legal prohibition precludes contract formation.  Both parties to the contract undertook duties towards one another, which is sufficient consideration.  *See Am. Olean Tile Co. v. Morton*, 157 So. 2d 788, 790 (Miss. 1963) ("All that is needed to constitute a valid consideration to support an agreement or contract is that there must be either a benefit to the promisor or a detriment to the promisee.  If either of these requirements exist, there is a sufficient consideration.").

Plaintiff does not cite any authority in support of her arguments that the Employment Agreement is unenforceable.  *See* Pl.'s Mem. Opp'n Mot. [10]. Plaintiff admits that she signed the contract, but contends that the Employment Agreement is invalid because it was terminable by either party at any time.  *Id*. at 1.  The Court finds that the Employment Agreement, despite being terminable at will, is a valid contract.  *See Shaw v. Burchfield*, 481 So. 2d 247, 254 (Miss. 1985) (enforcing an employment contract that was terminable at will).

The Employment Agreement contains a dispute resolution clause which provides in relevant part:

> [B]y signing below the parties to this Agreement indicate their desire to submit any disputes arising during employment first to non-binding mediation, and if the dispute is not resolved through mediation, then to binding arbitration under the terms stated in this Agreement.
> * * *
> a. Agreement to Mediate . . . Employee and DELTA agree to first attempt a mediation of any dispute covered by this Agreement.  The parties agree to make a good faith effort at mediating any dispute prior to filing a claim for arbitration.

---

at 6; Reply [11] at 1.

b. Agreement to Arbitrate . . . DELTA and Employee hereby consent to the resolution by binding arbitration of all claims or controversies not resolved through mediation for which a federal or state court would be authorized to grant relief, whether or not arising out of, relating to or associated with Employee's employment with DELTA (the "Claims").

c. Claims covered by this agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant, express or implied; tort claims; claims for discrimination or harassment on bases which include but are not limited to race [and] sex . . . and claims for violation of any federal, state or other governmental constitution, statute, ordinance, regulation, or public policy including but not limited to Title VII of the Civil Rights Act . . . and their state equivalents, unless otherwise not allowed by applicable law.  The purpose and effect of this Agreement is to substitute arbitration as the forum for resolution of the Claims; all rights and responsibilities of the parties under the statutes applicable to the Claims shall be enforced through arbitration.

* * *

g. Rights—The parties understand that by signing this agreement, and except for those matters expressly excluded, Employee and DELTA waive any right to have employment related disputes litigated in a court or by jury trial.

h. Limitations Period- Except as otherwise provided under applicable law, any claim governed by this Agreement shall be filed no later than one (1) year from the date on which an alleged incident last occurred or one year from the last date of employment, whichever comes first. Any dispute not resolved through mediation must be submitted to arbitration within one (1) year from the completion of the mediation or termination of employment, whichever comes first.

* * *

q. Exclusive Remedy—For Claims covered by this Agreement, mediation followed by arbitration is the parties' exclusive remedy. The arbitrator has exclusive authority to resolve any dispute relating to the applicability or enforceability of this Agreement.

Employment Agmt. [6-1] at ¶ 9.

Plaintiff's argument that all provisions of the contract became unenforceable when her employment ended is not persuasive. An arbitration clause remains in effect even after the parties have terminated the agreement. *See, e.g., Tristar Fin. Ins. Agency, Inc. v. Equicredit Corp. of Am.*, 97 F. App'x 462, 466 (5th Cir. 2004) (holding that an arbitration clause in an agreement that had expired was enforceable because the dispute was based on occurrences arising before the agreement's expiration); *Rive v. Briggs of Cancun, Inc.*, 82 F. App'x 359, 363 (5th Cir. 2003) (holding that "an arbitration agreement contained in a contract does not terminate merely because the contract has terminated"). The Employment Agreement in this case is explicit that the "obligations of Employee under this Agreement shall continue after the termination of his/her employment with [Defendant]." Employment Agmt. [6-1] at ¶ 14. Accordingly, the Court concludes that there is a valid arbitration agreement between the parties.

2. <u>There is a valid delegation provision such that any dispute about arbitrability is to be decided by the arbitrator.</u>

The Employment Agreement provides that the "arbitrator has exclusive authority to resolve any dispute relating to the applicability or enforceability of this Agreement." Employment Agmt. [6-1] at ¶ 9(q). While Plaintiff contends that the Employment Agreement is invalid, she does not dispute the enforceability of this delegation provision specifically. *See* Pl.'s Mem. Opp'n Mot. [10]; *see also Rent-a-Ctr, W., Inc.*, 561 U.S. at 72 (finding that unless a plaintiff "challenged the

delegation provision specifically, [courts] must treat it as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator"); *Aviles v. Russell Stover Candies, Inc.*, 559 F. App'x 413, 415 (5th Cir. 2014) (finding delegation clause was enforceable where party seeking to avoid arbitration contended that "her agreement to arbitrate is illusory, and therefore unenforceable" but did "not challenge the delegation [clause] itself specifically").

Because there is a valid delegation clause transferring the determination of the arbitrability of this dispute to the arbitrator, the Court does not decide whether Plaintiff's claims fall within the scope of the arbitration agreement, whether Defendant waived the right to seek arbitration when it participated in the EEOC administrative process, or whether Defendant was barred from seeking arbitration under the contractual limitation period.   *See* Pl.'s Mem. Opp'n Mot. [10] at 2-3; *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 373 (5th Cir. 2016) ("Because the arbitration agreement contains a delegation clause, any disputes about the arbitrability of [Plaintiff's] claim or the scope of the arbitration agreement must be decided by the arbitrator, not the courts."); *Chatman v. Jimmy Gray Chevrolet, Inc.*, No. 3:16CV009-NBB-SAA, 2016 WL 5745697, at *4 (N.D. Miss. Sept. 30, 2016) ("[T]he waiver issue goes to the scope of arbitration, which in this case must be decided by the arbitrator given the existence of the delegation clause.").   Plaintiff's arguments on this point are for the arbitrator to resolve, not this Court.

Based on the foregoing, Defendant's Motion to Compel Arbitration and to Dismiss [5] will be granted and Plaintiff's claims will be submitted to arbitration. Although questions about arbitrability must be decided by the arbitrator, the Court notes that all issues raised in this action appear to be subject to the arbitration provision such that dismissal of this civil action without prejudice is appropriate. *See Ruiz v. Donahoe*, 784 F.3d 247, 249–50 (5th Cir. 2015) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)) ("[D]ismissal may be appropriate 'when all of the issues raised in the district court must be submitted to arbitration.'").

### III. CONCLUSION

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that the Motion to Compel Arbitration and to Dismiss [5] filed by Defendant Delta Career Education Corporation is **GRANTED**, and the parties are directed to submit this dispute to arbitration.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 23rd day of November, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE